UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-959-H

WAYSIDE CHRISTIAN MISSION     PLAINTIFF

V.

LOUISVILLE METRO BOARD OF
ZONING ADJUSTMENT, et al.     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Louisville Metro Government and Louisville Metro Board of Zoning Adjustment (collectively "Defendants"), removed this case to federal court after Plaintiff, Wayside Christian Mission ("Wayside") amended its original complaint to assert violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. ("FHA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA") and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq*. ("RLUIPA"). In short order, the Coalition for the Homeless, Inc. (the "Coalition") has moved to intervene in the case and Wayside has moved to remand the entire matter to state court. The Court can resolve each of these and related issues at this time.

The complaint as amended consists of five separate claims or causes of action. Counts I and II concern an appeal from the decision of the Louisville Metro Board of Zoning and Adjustment ("BOZA") and the related declarations concerning pertinent statutes, codes and zoning classifications. These are purely state law issues. Counts III, IV and V contain claims

based upon rights contained in the previously referenced federal statutes. These federal claims are independent of the state statutory appeals, though certainly related closely to it.

Actually, all the parties agree that the portion of Wayside's complaint (Counts I and II) involving the appeal from a BOZA action and related state declaratory relief would best be remanded to Jefferson Circuit Court. These are, after all, issues which state courts typically and properly resolve. Neither party has suggested that it is inappropriate to bifurcate these claims and separately remand them to state court.

The federal claims present a slightly different issue. This Court has original jurisdiction over these claims. 28 U.S.C. § 1331. As a general matter, Defendants are entitled to have these federal claims resolved in federal court. Neither party has cited any rule which would require this Court to remand these claims to state court. Wayside's federal claims may have substantial merit in their own right. Consequently, the Court believes that the prudent course of action is to retain jurisdiction over them at this time.

Defendants have argued that the Court should also stay the federal claims remaining here. To do so now would be premature and certainly so without the Court having an opportunity to receive some advice from Wayside concerning its intentions. Certainly, one possibility is that the Court wait for the state court to act before determining whether federal remedies are either necessary or appropriate.

Finally, the Court has heard no objection to the motion to intervene. By sustaining the motion, the Court makes no determination as to the degree of participation it will allow the Coalition.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the claims in Wayside's complaint are bifurcated; Counts I and II are REMANDED to Jefferson Circuit Court; and Counts III, IV and V shall REMAIN in federal court.

IT IS FURTHER ORDERED to the extent that Defendants move for a stay of the claims remaining in federal court, that motion is DENIED.

IT IS FURTHER ORDERED that the Coalition's motion to intervene is SUSTAINED subject to further rulings as to their participation.

cc: Counsel of Record